THE STATE OF KANSAS v. ISAAC COHEN.

**No. 13,031.**   ( 70 Pac. 600.)

INTOXICATING LIQUORS—*Salesman for a Wholesale Liquor House.* It transpired in the course of business conducted by a traveling salesman for a wholesale liquor house located in Missouri that persons ordering would fail to pay the purchase-price and receive the goods ordered, in which event the liquors would remain stored at the depot where received until another order, corresponding in

54—65 KAN.

amount and character of goods shipped, could be obtained by the salesman, when he would procure another bill of lading from the house and the liquors so stored would be turned over to such person, upon payment of the purchase-price. *Held*, that the transaction was in violation of law.

Appeal from Ellis district court; LEE MONROE, judge. Opinion filed November 8, 1902. Affirmed.

*A. A. Godard*, attorney-general, *J. P. Shutts*, county attorney, and *W. E. Saum*, for The State.

*Reeder & Reeder*, and *Waters & Waters*, for appellant.

*Per Curiam:* Defendant, an employe of a wholesale liquor house, located at St. Joseph, Mo., was engaged in soliciting orders for intoxicating liquors in this state. When such orders were received by defendant they would be forwarded to the house at St. Joseph. If approved by the house, the liquors would be shipped to the person ordering. It transpired, in the course of business so conducted, that persons ordering would fail to pay the purchase-price and receive the goods ordered, in which event the liquors would remain stored at the depot where received until another order, corresponding in amount and character of goods shipped, could be obtained by defendant, when he would procure another bill of lading from his house and the liquor so stored would be turned over to such person upon payment of the purchase-price, together with the charges thereon. One of such transactions was had with the prosecuting witness in this case, John Younger, for which defendant was prosecuted, convicted, and appeals.

Whatever may be the right of the defendant under the law as a traveling salesman engaged in soliciting orders for his house located in a foreign state, where such orders are received, accepted and filled in such

state, and the liquors ordered are delivered to a common carrier for transportation into, and delivery to, the purchaser in this state, the transaction here shown cannot be justified in law.   It constituted an unlawful sale and violation of the law.

There being no error apparent in the record, the judgment of conviction is confirmed.

All the Justices concurring.